[No. 35652. Department Two. May 4, 1961.]

DOREEN WALCH, *Respondent*, v. WEBER AND RITTER COMPANY, *Appellant*.*

*Reported in 361 P. (2d) 576.

*Edwin R. Johnson,* for appellant.

*Caley & Armstrong* by *Lewis S. Armstrong,* for respondent.

HUNTER, J.—This is an appeal from a judgment entered by the trial court upon a verdict for the plaintiff in the amount of $10,000 in an action for personal injuries resulting from a dogbite.

The respondent accompanied her former husband to the appellant's place of business for the purpose of having a hog slaughtered. A dog owned by the appellant bit the respondent on the right thigh as she was leaving the slaughterhouse causing her to fall in resisting the dog, sustaining injuries to her neck, low back and right leg.

The appellant contends the admission of medical testimony relative to a nerve injury and a protruding intervertebral disc in the lumbosacral area of the respondent's back, resulting from her fall, caused a variance between the pleadings and the proof, and the court erred in ruling to the contrary.

The allegation in the complaint with which we are concerned is as follows:

"That in attacking the plaintiff, the said dog grabbed her by her right thigh, sinking his teeth into her flesh and puncturing the soft tissue area of the lateral right thigh, causing plaintiff to fall backwards as she was kicking at him in an attempt to get loose and throwing her against a building and falling, twisting her neck and her low back. That as a result of the attack, the plaintiff suffered a severe neck and low back strain, which radiates to her left hip and groin, preventing plaintiff from carrying on her normal activities and requiring her to be hospitalized for eight days and to take a continued course of therapy treatments and to undergo extreme and severe suffering from headaches; and plaintiff is informed and believes and, upon such information and belief, alleges that her said injuries to her lumbosacral area and right leg are permanent."

■ The appellant argues that by making this allegation, the injuries about which the respondent could introduce evidence became limited to that of a neck or low back strain, and this allegation was not sufficiently broad to permit the introduction of evidence by the respondent, over the appellant's objection, of pressure upon a nerve root in the lumbosacral area or a protruding intervertebral disc. We do not believe such a limited restriction may be placed upon this paragraph in the respondent's complaint. The paragraph must be read in its entirety. Reduced to its simplest form, the respondent alleged that in resisting the dog she fell, sustaining injuries to her neck, her right leg, and the lumbosacral area of her back, the pain from which radiated to her left hip and groin, for which she claims relief. This raised the issue of an injury to the respondent's lower back. Any medical testimony relative to a lower back injury came within the purview of the issue of an injury to her back as raised in the pleadings. *Cf. Placanica v. Riach Oldsmobile Co.*, 53 Wn. (2d) 171, 332 P. (2d) 47 (1958).

■ The appellant contends the trial court committed reversible error by commenting upon the evidence in the presence of the jury in a colloquy between the court and the appellant's counsel. The respondent's son was being cross-examined by the appellant's counsel for the purpose of eliciting testimony to the effect that about one month prior to the dogbite incident, his mother backed her automobile from the driveway at her home into a two-foot ditch. The respondent's counsel objected to the witness being reminded three times that he was sworn to tell the truth, contending that the appellant's counsel was badgering the witness. The following colloquy then took place:

"THE COURT: The court doesn't place very much materiality on this incident.

"MR. JOHNSON: Well, I think that is a very important incident, your Honor, if your Honor please.

"THE COURT: He has testified that she wasn't hurt when the automobile backed into the ditch.

"MR. JOHNSON: I wonder if I could be heard on that in the absence of the jury?

"THE COURT: No. We will proceed.

"MR. JOHNSON: I would like to make an objection, take an exception, because I think that would be a comment on the evidence, your Honor.

"THE COURT: The objection was that he was reminded three times of the importance of an oath.

"MR. JOHNSON: I mean your Honor's statement as to the incident.

"THE COURT: You may proceed."

The appellant's contention is without merit. There is a complete absence of evidence in the record that the respondent sustained any injuries whatsoever when she backed her automobile into the ditch on this occasion. To conclude that from this incident the respondent sustained an injury to her back which related to the injuries for which she claimed relief in the instant case, would be purely speculative. The trial court correctly stated that the incident when the respondent backed her automobile into the ditch was not material, and it could have so held as a matter of law. Therefore, the appellant could not have been prejudiced by this comment made by the court in the presence of the jury.

■ The appellant contends the verdict in the amount of $10,000 was excessive. The record discloses medical expenses were incurred in an amount exceeding $1,000. It further appears the respondent suffered from almost constant pain in the lumbosacral area of her back which radiated down through her left leg, and in order to obtain relief, a spinal fusion operation probably would be necessary. The respondent's medical witness testified the cost of the operation would involve an additional expense of $400 for doctor's charges and from $1,500 to $2,000 for hospitalization. We are satisfied that the respondent's injuries were substantial and that the award was well within the range of the evidence.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.